**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

  v.                                    **Civil Action 2:11-cv-383
Judge James L. Graham
Magistrate Judge Jolson**

**BUCKINGHAM COAL
COMPANY, et al.,**

      **Defendants.**

## REPORT AND RECOMMENDATION

On May 12, 2020, the Court noted that Defendant Buckingham Coal Company ("BCC") would be without counsel as its counsel had moved to withdraw. (Doc. 119). The Court noted that a corporation may appear in federal court only through licensed counsel and not through the pro se representation of an officer, agent, or shareholder. *Nat'l Labor Relations Bd. v. Consol. Food Servs., Inc.*, 81 F. App'x 13, 15 (6th Cir. 2003). Accordingly, it directed BCC to work to secure counsel and ordered the parties to file a status report in sixty days. (Doc. 119). That same day, the Court granted counsel for BCC's motions to withdraw. (Docs. 120, 121).

In their most recent status report, the parties noted that BCC will not be obtaining counsel due to the "facts attendant to" its bankruptcy and that the Ohio Attorney General's Office does not plan to represent BCC. (Doc. 122). Based on the docket, those bankruptcy proceedings appear to be complete. (*See* Docs. 118, 126). The Court, on July 10, 2020, ordered BCC to show cause within fourteen days why the Undersigned should not recommend finding it in default for failing to obtain counsel in this case. As of today's date, BCC has not responded to the Court's Show Cause Order and remains unrepresented.

1

Though the Undersigned has considered sanctions short of default, because BCC cannot appear as a *pro se* entity, and moreover, has been given multiple opportunities to secure counsel, "a less drastic remedy does not appear appropriate," *Barrette Outdoor Living, Inc. v. Mich. Resin Reps., LLC*, No. 11-13335, 2013 WL 1799858, at *8 (E.D. Mich. Apr. 5, 2013), *report and recommendation adopted sub nom. Barrette Outdoor Living v. Mich. Resin Reps., LLC*, No. 11-13335, 2013 WL 1800356 (E.D. Mich. Apr. 29, 2013) (citations omitted) (recommending that LLC defendant be found in default for failing to secure counsel).

Accordingly, it is **RECOMMENDED** that default judgment be entered against Defendant Buckingham Coal Company in an amount to be determined by the District Court upon further submissions.

## Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of

the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

  IT IS SO ORDERED.

Date: September 4, 2020         /s/ Kimberly A. Jolson
                  KIMBERLY A. JOLSON
                  UNITED STATES MAGISTRATE JUDGE